AO 91 (Rev. 02/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Arizona

*JDA*
*11/17/16*

| United States of America | ) | |
| v. | ) | Case No. 16 - 7459 MJ |
| Carlos Antonio Cantua-Nolasco, | ) | |
| a.k.a.: Carlos Antonio Cantua Nolasco, | ) | |
| (A 202 053 135) | ) | |
| *Defendant* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of September 30, 2016, in the County of Maricopa, in the District of Arizona, the defendant violated Title 8, U.S.C. § 1326(a), a felony, and Title 8, U.S.C. § 1325(a)(2) a class B misdemeanor, an offense described as follows:

**See Attachment A Incorporated By Reference Herein**

I further state that I am a Deportation Officer.

This criminal complaint is based on these facts:

**See Attached Statement of Probable Cause Incorporated By Reference Herein**

REVIEWED BY:   Charles E. Bailey, P.S. for SAUSA David Whipple

☒ Continued on the attached sheet.

_____
*Complainant's signature*
Darrin J. McNeill,
Deportation Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   November 18, 2016

_____
*Judge's signature*

City and state:   Phoenix, Arizona

Bridget S. Bade,
United States Magistrate Judge
*Printed name and title*

# ATTACHMENT A

## Count 1

On September 30, 2016, Carlos Antonio Cantua-Nolasco, an alien, was found in the United States of America at or near Phoenix, in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at or near Del Rio, Texas, on or about May 30, 2015, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326(a), a felony.

## Count 2

On September 30, 2016, at or near Phoenix, in the District of Arizona, Carlos Antonio Cantua-Nolasco, an alien, did elude the examination or inspection by immigration officers in violation of Title 8, United States Code, Section 1325(a)(2), a class B misdemeanor.

## STATEMENT OF PROBABLE CAUSE

I, Darrin J. McNeill, being duly sworn, hereby depose and state as follows:

1. Your affiant is a Deportation Officer with United States Immigration and Customs Enforcement (ICE). I have learned from direct participation in the investigation and from the reports and communications of other agents and officers the facts recited herein.

2. On September 30, 2016, Carlos Antonio Cantua-Nolasco was booked into the Maricopa County Jail (MCJ) by the Phoenix Police Department on local charges. While incarcerated at MCJ, Cantua-Nolasco was examined by ICE Officer J. Arrizon who determined him to be a citizen of Mexico, illegally present in the United States. On that same date, a Request for Voluntary Transfer was lodged with the MCJ. On November 17, 2016, Cantua-Nolasco was released from the MCJ and then transported to the Phoenix ICE office for further investigation and processing. Cantua-Nolasco was held in administrative custody until his criminal and immigration records could be obtained and his identity confirmed.

3. Immigration history checks revealed Carlos Antonio Cantua-Nolasco to be a citizen of Mexico and a previously deported criminal alien.  Cantua-Nolasco was removed from the United States to Mexico at or near Del Rio, Texas, on or about May 30, 2015, pursuant to an order of removal issued by an immigration official. There is no record of Cantua-Nolasco in any Department of Homeland Security database to

suggest that he obtained permission from the Secretary of the Department of Homeland Security to return to the United States after his removal. Cantua-Nolasco's immigration history was matched to him by electronic fingerprint comparison.

4.  Furthermore, there is no record of Carlos Antonio Cantua-Nolasco in any Department of Homeland Security database to suggest that after his last removal from the United States he entered into the United States at an official Port of Entry. Had Cantua-Nolasco presented himself at a Port of Entry, Department of Homeland Security records likely would reveal that information. Accordingly, your affiant believes that Cantua-Nolasco entered the United States at a location not designated as an official Port of Entry, and thereby eluded examination and inspection by Immigration Officers of the United States. Cantua-Nolasco's immigration history was matched to him by electronic fingerprint comparison.

5.  On November 17, 2016, Carlos Antonio Cantua-Nolasco was advised of his constitutional rights. Cantua-Nolasco freely and willingly acknowledged his rights and declined to make any further statements.

6.  For these reasons, this affiant submits that there is probable cause to believe that on or about September 30, 2016, Carlos Antonio Cantua-Nolasco, an alien, was found in the United States of America at or near Phoenix, in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at or near Del Rio, Texas, on or about May 30, 2015, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section

3

1326(a) and on September 30, 2016, at or near Phoenix, in the District of Arizona,

Carlos Antonio Cantua-Nolasco, an alien, did elude the examination or inspection by

immigration officers in violation of Title 8, United States Code, Section 1325(a)(2).

Darrin J. McNeill,
Deportation Officer,
Immigration and Customs Enforcement

Sworn to and subscribed before me
this 18th day of November, 2016.

Bridget S. Bade,
United States Magistrate Judge

4